IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| SNL WORKFORCE FREEDOM ALLIANCE, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:21-CV-256-Z |
| NATIONAL TECHNOLOGY AND ENGINEERING SOLUTIONS OF SANDIA LLC, *et al.*, | § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") (ECF No. 2). Plaintiffs seek an order enjoining the defendants from enforcing and implementing a vaccine mandate. ECF No. 2 at 2.

Under Federal Rule of Civil Procedure 65(a), "[t]he court may issue a preliminary injunction only on notice to the adverse party." Under Rule 65(b)(1), the Court may only issue a temporary restraining order without notice if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65. Here, Plaintiffs have not met the requirements of Rule 65(b) in their Motion or in the Complaint (ECF No. 1). The Court is cognizant of the nationwide injunction issued in *Georgia, et al., v. Biden*, No. 1:21-cv-163, 2021 WL 5779939 (S.D. Ga. Dec. 7, 2021).

Therefore, the Court **ORDERS** Plaintiffs to brief: (1) why it is necessary for this Court to consider issuing a Temporary Restraining Order in light of the nationwide injunction; (2) what efforts, if any, Plaintiffs made to notice Defendants; and (3) the reasons why the Court should not require Plaintiffs to notice the defendants. The Court **ORDERS** Plaintiffs to file the brief **on or before December 28, 2021 at 5:00 p.m. CST.**

**SO ORDERED.**

December __27__, 2021.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE