IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| SNL WORKFORCE FREEDOM ALLIANCE, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:21-CV-256-Z |
| NATIONAL TECHNOLOGY AND ENGINEERING SOLUTIONS OF SANDIA LLC, *et al.*, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiffs' Ex Parte Motion for Temporary Restraining Order ("Motion") (ECF No. 2). For the reasons stated below, the Court defers ruling on the Motion and ORDERS this case be transferred to the United States District Court for the District of New Mexico.

**BACKGROUND**

On December 22, 2021, Plaintiffs filed their Complaint and Request for Injunctive Relief ("Complaint"). ECF No. 1. In the Complaint, Plaintiffs ask this Court to enjoin Defendant National Technology and Engineering Solutions of Sandia LLC ("NTESS") — a New Mexico limited liability company — from enforcing a vaccine mandate for its employees. ECF No. 1 at 58–59. Plaintiffs also seek a declaratory judgment and request the Court find the Biden Administration's Executive Order 14042 invalid. *Id.* at 59.

That same day, Plaintiffs filed an Ex Parte Motion for Temporary Restraining Order ("TRO"). ECF No. 2. In the Motion, Plaintiffs ask the Court to issue a TRO enjoining Defendant from requiring its employees to receive a COVID-19 vaccination. *Id.* at 2.

On December 27, 2021, the Court issued an order requiring additional briefing because Plaintiffs' Motion lacked sufficient information as required by Rule 65 of the Federal Rules of Civil Procedure. ECF No. 7.

On December 28, 2021, Plaintiffs filed their brief in response to the Court's December 27 Order. ECF No. 9.

**LEGAL STANDARDS**

Absent a specific venue rule, the general venue statute determines whether a particular district court constitutes a proper venue for a claim. 28 U.S.C.A. § 1391. A plaintiff may bring a civil action in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may other wise be brought under (1) or (2), any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C.A. §1391(b).

A defendant who is an entity with the capacity to sue and be sued in its common name shall be deemed to reside in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C.A. § 1391(c)(2).

"A federal court may exercise personal jurisdiction over a nonresident defendant if the forum state's long-arm statute extends to the non-resident defendant and the exercise of jurisdiction comports with due process." *Alexander v. Anheuser-Busch, L.L.C.*, No. 19-30993, 2021 WL 3439131, at *2 (5th Cir. Aug. 5, 2021) (internal marks omitted). The plaintiff bears the burden of establishing jurisdiction, including personal jurisdiction, by presenting at least *prima facie* evidence in its pleadings. *Id.*

"Where a court finds it lacks personal jurisdiction, it may dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2)". *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013). Alternatively, courts are authorized to transfer the action to a proper venue under 28 U.S.C. § 1406(a) in the interest of justice. *Id.* A division or district may be wrong under Section 1406(a) when the original court lacks personal jurisdiction. *Id.* (internal marks omitted).

### ANALYSIS

Plaintiffs argue venue is proper in this Court pursuant to Section 1391(d). ECF No. 1 at 7. Specifically, Plaintiffs aver that pursuant to Section 1391(d), NTESS[1] "has significant contacts with Texas by reason of its close association with Pantex Nuclear Facility and Texas A&M." *Id.* Plaintiffs' analysis is misguided. Section 1391(d) applies to corporations in states with multiple districts. 28 U.S.C.A. § 1391(d). Here, Defendant NTESS is a limited liability company, not a corporation. Thus, Section 1391(d) does not apply. Plaintiffs offer no other facts or analysis to support venue.

Plaintiffs name Defendant NTESS's parent company — Honeywell International Inc. ("Honeywell") — as a second defendant. ECF No. 1 at 6. Plaintiffs claim Honeywell is "vicariously liable" for the actions of its wholly owned subsidiary NTESS. *Id.* Not only do Plaintiffs only mention Honeywell and "vicarious liability" *once* in their complaint, they fail to plead any facts to support Honeywell is vicariously liable for NTESS's actions. *See* ECF No. 1.

---

[1] Plaintiffs argue NTESS does busines under the name Sandia National Laboratories whose employees are contracted by the United States Government. *See* ECF No. 1 at 6-7.

Plaintiffs failed to plead any relevant jurisdictional facts regarding NTESS. However, the Court finds NTESS d/b/a Sandia National Laboratories is a limited liability company formed in Delaware with its principal place of business in Albuquerque, Bernalillo County, New Mexico.[2] Honeywell is a Delaware corporation with its principal place of business in Charlotte, North Carolina.[3]

The Supreme Court recognizes two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *Alexander*, 2021 WL 3439131, at *2. General jurisdiction arises when the defendant has "continuous and systematic" contacts with the forum and "allows for jurisdiction over all claims against the defendant, no matter their connection to the forum." *Id.* (internal marks omitted). Specific jurisdiction covers defendants less intimately connected with a State — but only as to a narrower class of claims. *Id.* (internal marks omitted).

### A. General Jurisdiction

General jurisdiction exists over a nonresident defendant when its affiliations with the State are so continuous and systematic as to render them essentially at home. *Frank v. P N K (LAKE CHARLES) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). It is "incredibly" difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business. *Id.* (citing *Monkton Ins. Servs., Ltd. V. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (internal marks omitted).

The Supreme Court stated that to properly exercise general jurisdiction, a defendant-company must be "at home" in the forum state. *Id.* (internal marks omitted). For a corporation, "home" falls in two paradigmatic places: (1) the state of incorporation and (2) the state where it has its principal place of business. *Id.* (internal marks omitted). These two places have the virtue

---

[2] *See* ABOUT SANDIA, https://www.sandia.gov/about/ (last visited Dec. 29, 2021).
[3] *See* HONEYWELL, https://www.honeywell.com/us/en/company/about-us (last visited Dec. 29, 2021).

4

of being both unique and easily ascertainable. *Id.* Even though a corporation might operate "in many places, it cannot be deemed at home in all of them because unpredictability would follow and jurisdictional rules are meant to promote greater predictability." *Id.* at 337 (internal marks omitted).

There are very few cases where the Supreme Court addresses the scope of general jurisdiction. *Id.* at 336 (internal marks omitted). Though the Supreme Court uses the term "corporation," the Fifth Circuit applies the same test to an unincorporated entity. *See id.*

Here, the inquiry is whether Defendants' contractual contacts with Texas entities render Defendants essentially at home in Texas. The Court finds they do not. Plaintiffs fail to meet their burden of establishing jurisdiction and proper venue.

In applying the Fifth Circuit's test in *Frank*, the Court considers that both Defendants share Delaware as their state of formation. NTESS operates from its principal place of business in New Mexico. Honeywell operates from its principal place of business in North Carolina. Thus, for purposes of general jurisdiction, NTESS is essentially at home in Delaware and New Mexico. Honeywell is essentially at home in Delaware and North Carolina. *Neither* are essentially at home in Texas. Therefore, the Court does not have general jurisdiction over Defendants.

### B. Specific Jurisdiction

Having failed to show general jurisdiction, Plaintiffs must show specific jurisdiction to to establish the Court is a proper venue for this litigation. "To be subject to specific jurisdiction, the defendant must have acted to purposely avail itself of the privilege of conducting activities within the forum State and there must be an affiliation between the forum state and the underlying controversy." *Alexander*, 2021 WL 3439131, at *2 (citing *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021)).

The Fifth Circuit applies a three-prong test to determine whether the exercise of specific jurisdiction comports with the demands of due process. Courts evaluate whether: "(1) the defendant has formed minimum contacts with the forum state by purposely directing its activities toward the forum state or purposefully availing itself of the privileges of the state; (2) whether the cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Id.* (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

Here, Plaintiffs argue "SNL has significant connections with Texas." ECF No. 1 at 6. Specifically, Plaintiffs aver that NTESS partners with Pantex Nuclear Labs and Texas A&M. *Id.* Additionally, Plaintiffs argue that Honeywell is authorized and does business in Texas in various locations. *Id.* Plaintiffs' assertions are conclusory at best and do not show how Defendants have formed minimum contacts with Texas by purposefully directing their activities toward Texas or availing themselves of the privileges of operating in Texas.

Even if Plaintiffs could show that Defendants have formed minimum contacts with Texas, NTESS's policy of enforcing a vaccine mandate does not arise out of or result from Defendants' associations with Pantex and Texas A&M. Plaintiffs offer no analysis, and the Court does not find any connection between Defendants' contacts in Texas and the current litigation. Further, the Court finds exercising personal jurisdiction over Defendants in this litigation would not be fair or reasonable considering the Defendants' locations and the minimum connection, if any, this litigation has on Texas companies or citizens.

Plaintiffs fail to show that the Court has specific jurisdiction over Defendants in this litigation. The District of New Mexico has general jurisdiction over NTESS and the substantial part of the events or omissions giving rise to this claim occurred in New Mexico. Thus, venue would be proper in New Mexico. *See* 28 U.S.C.A. § 1391(b)(2), (b)(3).

### CONCLUSION

Because the Court does not have personal jurisdiction over Defendants — and thus this Court is an improper venue for this litigation — the Court finds this case should be transferred to a proper venue in the interest of justice. As such, the Court does not reach the merits of Plaintiffs' Motion. The Court **ORDERS** this case is hereby **TRANSFERRED** to the United States District Court for the District of New Mexico in its entirety.

**SO ORDERED.**

December 30, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE