# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SNL WORKFORCE FREEDOM ALLIANCE, *et al.*,

      Plaintiffs,

     v.                                                          No. 1:22-cv-00001-KWR-SCY

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF SANDIA, LLC,
*doing business as Sandia National Laboratories,*
*et al.,*

      Defendants.

## ORDER DENYING REQUEST FOR EX PARTE TEMPORARY RESTRAINING ORDER AND ORDER SETTING BRIEFING SCHEDULE

**THIS MATTER** comes before the Court upon Plaintiffs' *ex parte* Motion for Temporary Restraining Order to be Issued Prior to January 4, 2022, filed December 22, 2021 **(Doc. 2)**. This case was originally filed in the United States District Court for the Northern District of Texas. That court directed Plaintiffs to explain whether notice had been given to defendants pursuant to Fed. R. Civ. P. 65(b)(1), and if not, why the Court should not require notice to Defendants. **Doc. 7 at 2.**

Plaintiffs apparently request that the Court issue an *ex parte* temporary restraining order without notice by January 4, 2022.

Fed. R. Civ. P. 65(b)(1) provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

At issue here is section (B).  As noted by the prior court, Plaintiffs initially did not comply with this subsection.  *See* **Doc. 7.**  Plaintiffs addressed section (B) in their brief.  **Doc. 9.**  The Court does not believe that Plaintiffs have shown sufficient reason why a temporary restraining order should be issued *ex parte*.

Although this case was filed on December 22, 2021, notice has apparently not been given to the Defendants.  Plaintiffs represent that a process server attempted service on December 27, 2021, but the defendants' offices were closed until January 4, 2022.  **Doc. 9 at 2.**  It is unclear, based on Plaintiffs' brief, **Doc. 9**, whether Defendants have notice of the motion for temporary restraining order.

Plaintiffs assert that an *ex-parte* temporary restraining order should be issued because they must be vaccinated by January 4, 2022 to comply with Defendants' vaccine mandate.  Plaintiffs assert that they are likely to succeed because other district courts have ruled in their favor.  **Doc. 9 at 3.**  The Court does not find this imminent vaccination deadline to be sufficient reason to issue an *ex parte* temporary restraining order. Plaintiffs admit that they have been discussing this case with Defendants' counsel for months prior to filing suit. **Doc. 9 at 2.**  It appears that they could have filed this case well before the January 4 deadline.  Now they use this January 4 deadline as a reason for the Court to issue an extraordinary remedy, based on complex law, without giving notice to Defendants.  The Court does not find Plaintiffs' reasoning persuasive.

Finally, Plaintiffs admit that Defendants have in fact given a deadline of January 18, 2022 for employees to be fully vaccinated.  **Doc. 2 at 1.**  Plaintiffs argue that the real deadline is January 4, 2022, because Defendants define "fully vaccinated" to be two weeks from a *final injection*.  **Doc. 2 at 1.**  The Court notes that a plaintiff would have already had to start his or her vaccination series

2

at least three weeks ago in order to comply with this January 4, 2022 deadline. Plaintiffs cite to an exhibit in which Defendants explain: "[a]s a result, Jan 4, 2022 is a key date for unvaccinated personnel. To meet the January 18, 2022 federal mandate, staff who choose the Moderna vaccine must have received their first shot no later than December 7, 2021" while those staff who choose Pfizer had until December 14, 2021 to receive their first shot. **Doc. 2-1 at 1.** Staff who chose the Johnson & Johnson vaccine have until January 4, 2022 to receive their vaccination. *Id.* It is not clear from the record whether unvaccinated staff would be fired on January 4 or January 18.

Therefore, Plaintiffs **SHALL SERVE** the complaint and summons, the motion, and this order on the appropriate Defendants.

Defendants **SHALL RESPOND** to the motion **(Doc. 2) within fourteen (14) days** of service of the motion and this order. Plaintiffs may reply **within seven (7) days** of the filing of the response.

**IT IS SO ORDERED**.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**