IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SNL WORKFORCE FREEDOM ALLIANCE, DAVID PETERSON, JON BROOKS, ANNA BURNS, JOHN DOE #1, JANE DOE #1,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL TECHNOLOGY AND ENGINEERING SOLUTIONS OF SANDIA LLC d/b/a SANDIA NAT'L LABORATORIES, HONEYWELL INTERNAT'L, INC.,<br><br>Defendants. | Case No. 1:22-cv-00001-KWR-SCY |

**DEFENDANT HONEYWELL INTERNATIONAL INC.'S OPPOSITION TO PLAINTIFFS' EXPEDITED MOTION FOR TEMPORARY RESTRAINING ORDER[1]**

Defendant Honeywell International Inc. neither employed Plaintiffs nor had any role in formulating, implementing, or administering the COVID-19 vaccine policy Plaintiffs challenge through their complaint and request for injunctive relief. Instead, the subject vaccine policy was issued by one of Honeywell's subsidiaries, Defendant National Technology and Engineering Solutions of Sandia LLC ("NTESS")—which employed or employs Plaintiffs and is a separate and distinct corporate entity from Honeywell that has its own headquarters, employees, human resources department, and management team, and makes its own decisions regarding the application of its vaccine policy to its employees with no oversight from Honeywell.

---

[1] Honeywell submits this response subject to and without waiving the arguments raised in its Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule 12(b)(2), and in the alternative, Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6). *See* Doc. No. 21.

Further, while Plaintiffs allege in their complaint that Honeywell is "vicariously liable" for the acts of NTESS, this allegation is baseless as found by Judge Matthew Kacsmaryk: Plaintiffs "only mention Honeywell and 'vicarious liability' *once* in their complaint" and "they fail to plead any facts to support Honeywell is vicariously liable for NTESS's actions." Doc. No. 10 (emphasis in original). Plaintiffs do even less in their application for injunctive relief where they do not make any specific allegations or submit any evidence whatsoever concerning Honeywell or explaining why the Court should, or how it even could, enjoin Honeywell from enforcing the vaccine policy of another employer. Plaintiffs' request for injunctive relief fails at every turn and must be denied.

## I.  BACKGROUND

Honeywell does not and did not employ any of the named Plaintiffs in this case. Doc. No 21-1, Johnson Decl. at ¶ 10.[2] NTESS employed Plaintiffs who report or reported directly to NTESS or its affiliates, not to anyone at Honeywell. *Id*. The named Plaintiffs were not paid by Honeywell, did not work at its offices, were not subject to Honeywell's employee handbook and policies, and did not perform work that was part of Honeywell's regular business operations. *Id*. NTESS had complete discretion in making all personnel decisions such as hiring, setting work hours, disciplining, and terminating its employees—including Plaintiffs. *Id*.

Honeywell did not and has not directed NTESS to implement a COVID-19 vaccine policy nor otherwise attempted to influence NTESS's decision to implement its policy. *Id*. at ¶ 9. Honeywell did not direct or otherwise make any suggestions about how NTESS should implement its COVID-19 vaccination requirement, including, for example, whether to grant exemptions from the requirement or the criteria for granting exemptions, or the consequences for NTESS employees' failure to comply with the requirement. *Id*.

---

[2]  Honeywell incorporates David (DJ) Johnson's declaration by reference into this response as if it were attached to and fully set forth herein.

2

## II.     LEGAL STANDARD

Plaintiffs' request for a temporary restraining order should be denied with prejudice. To obtain a temporary restraining order or preliminary injunction, Plaintiffs must show: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)). Notably, "the movant 'must' satisfy his or her burden for each and every one of these prerequisites . . . the strength of one cannot compensate for the weakness of another." *Peterson v. Kunkel*, 492 F. Supp. 3d 1183, 1192 (D.N.M. 2020) (citing *Dine*, 839 F. 3d at 1282). Plaintiffs cannot establish any of these elements.

## III.     ARGUMENT

Plaintiffs' motion requesting a temporary restraining order must be denied because they have attached no evidence in support of their motion and because they cannot show a substantial likelihood of success on the merits.

**A.     Plaintiffs' Motion Should be Denied Because it is Not Supported by Any Evidence.**

To obtain a preliminary injunction, Plaintiffs must satisfy the basic requirement under Rule 65 of offering evidence to support their motion. Plaintiffs submitted no evidence supporting their request: they have not verified their Complaint nor submitted any declarations in support of their motion. The extraordinary relief Plaintiffs seek cannot be granted because Plaintiffs cannot satisfy their high burden of proving a likelihood of success on the merits or irreparable harm without actually submitting evidence. The Court should deny Plaintiffs' motion on this basis alone. *See, e.g., Watts v. Donley*, 2015 WL 1228593, at *3 (D. Colo. Mar. 16, 2015) (denying the request for

extraordinary relief because "Plaintiff has not demonstrated, as opposed to merely asserting conclusory allegations, that he will be irreparabl[y] harmed").

Further, the exhibits Plaintiffs do attach to their motion and complaint show that NTESS, not Honeywell, employed Plaintiffs and implemented the vaccine policy at issue, which is consistent with their allegations in the complaint that they are or were "SNL/NTESS" employees or contractors. *See* Doc. No. 1 at ¶ 5–8. These exhibits include a "verify.sandia.gov" webpage stating "DOE and NNSA are requiring NTESS . . . to provide information about vaccination status among its workforce" and an "Updates of COVID-19 Vaccination Mandates" email from SandiaCommunications@sandia.gov. Doc. No-1-1; Doc. No. 1-3. Plaintiffs' own exhibits, coupled with the irrefutable facts Honeywell has submitted, conclusively show that Honeywell did not employ the Plaintiffs and or have any influence or involvement with NTESS's vaccine policy. Doc. No. 17-1, Jonhson Decl. ¶¶ 9–10. Given that Plaintiffs have provided no evidence that supports granting a temporary restraining order against Honeywell and in fact has only provided evidence that supports denying injunctive relief against Honeywell, they cannot meet their evidentiary burden under Rule 65. The Court should deny their motion accordingly.

**B.      Plaintiffs' Motion Should be Denied Because they Have Not Shown a Substantial Likelihood of Success on the Merits.**

Despite Plaintiffs' flawed argument to the contrary, they "must show [they are] likely to succeed on the merits" in order to obtain injunctive relief and cannot rely on any sort of relaxed or modified standard to prevail in their constitutional claim regarding their right to bodily integrity under the Texas and United States Constitutions. *See Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016) (holding that the Supreme Court's decision in *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008) overruled the 10th Circuit's "modified test" and further holding that "any modified test which relaxes one of the prongs for preliminary

4

relief and thus deviates from the standard test is impermissible"). As mentioned above, Plaintiffs seek to enjoin Honeywell from terminating people it does not employ and prevent it from implementing a vaccination policy it did not direct, establish, or require. The exhibits they attach to their motion—all of which pertain solely to NTESS and its vaccine policy—only further confirm this reality. Equally fatal is Plaintiffs' lack of factual allegations, let alone lack of evidence, establishing that Honeywell is somehow "vicariously liable" for the alleged harm caused by NTESS's vaccine policy. Judge Kacsmaryk has already found that "they fail to plead any facts to support Honeywell is vicariously liable for NTESS's actions," and Plaintiffs fail to even address vicarious liability in their motion for a temporary restraining order. *See* Doc. No. 10; Doc. No. 2. Because Plaintiffs fail to even adequately allege, let alone provide evidence, that Honeywell is vicariously liable for the alleged constitutional deprivations asserted against NTESS, they cannot meet their high burden of establishing a substantial likelihood of success on the merits against Honeywell.

Plaintiffs also cannot establish a substantial likelihood of succeeding on their alleged violation of their right to bodily integrity for the additional reason that they cannot establish that Honeywell is a state or federal actor as required to establish such a constitutional claim. *See, e.g., Obduskey v. Fargo*, 2016 WL 4091174, at *8 (D. Colo. July 19, 2016) (finding "neither defendant is a state actor against whom a constitutional claim can be brought"); *LeJon-Twin El v. Marino*, 2017 WL 1591856, at *4 (D.N.J. Apr. 28, 2017) (stating a Fourth Amendment "constitutional claim may be brought against a federal or state government actor, but not against a private employer").

Plaintiffs sole allegation that "Defendants," which presumably includes Honeywell, entered into a contract and statement of work with, respectively, the National Nuclear Security

5

Administration and the State of New Mexico Department of Health, and, is expressly undermined by the portions of the alleged contracts Plaintiffs attach to their motion—none of which mention or even reference Honeywell in any way. *See* Doc. No. 1 at ¶¶ 49–53. Because Honeywell is not a party to these agreements, they cannot establish that Honeywell is a state or federal actor.

For these reasons, Plaintiffs have and not cannot establish a substantial likelihood of success on the merits against Honeywell with respect to NTESS's alleged constitutional violations arising from its vaccine policy. Plaintiffs have therefore failed to establish the first and most fundamental element necessary for obtaining a temporary restraining order against Honeywell, much less shown that Honeywell has caused irreparable harm through another company's vaccine policies or that public policy requires Honeywell be enjoined from carrying out a policy that cannot impact Plaintiffs. Thus, because Plaintiffs have wholly failed to establish any element entitling them to the requested injunctive relief, their motion must be denied.

## V.   CONCLUSION

Honeywell respectfully asks the Court to deny Plaintiffs' motion for a temporary restraining with prejudice.

Dated: January 18, 2022

*/s/ Sara N. Sanchez*
Sara N. Sanchez
Rebekah A. Gallegos
Peifer, Hanson, Mullins & Baker, P.A.
Post Office Box 25245
Albuquerque, NM 87125-5245
Telephone: (505) 247-4800
Fax: (505) 243-6458
ssanchez@peiferlaw.com
mbaker@peiferlaw.com
rgallegos@peiferlaw.com

and

T. Cullen Wallace
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
cullen.wallace@morganlewis.com

**Counsel for Defendant Honeywell International, Inc.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 18th day of January, 2022, I filed the foregoing electronically through the CM/ECF system, which caused all counsel or record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

N. Ana Garner
Garner Law Firm
206 W. Main
Farmington, New Mexico  87401
Telephone:  (505) 930-5170
Garnerlaw@yahoo.com

Warren V. Norred
Norred Law, PLLC
515 E. Border St.
Arlington, Texas  76010
Telephone:  (817) 704-3984
wnorred@norredlaw.com

Jonathan Diener
Attorney at Law
Post Office Box 27
Mule Creek, New Mexico  88051
Telephone:  (575) 535-2760
jonmdiener@gmail.com

PEIFER, HANSON, MULLINS & BAKER, P.A.

By:    */s/ Sara N. Sanchez*
         Sara N. Sanchez