# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| SNL WORKFORCE FREEDOM ALLIANCE, DAVID PETERSON, JON BROOKS, ANNA BURNS, JOHN DOE #1, JANE DOE #2, RICKY ALLEN FERGUSON,<br>　　　　Plaintiffs,<br>v.<br><br>NATIONAL TECHNOLOGY AND ENGINEERING SOLUTIONS OF SANDIA, LLC d/b/a SANDIA NAT'L LABORATORIES, HONEYWELL INTERNAT'L, INC.<br>　　　　Defendants. | Case No. 1:22-cv-00001-KWR-SCY |

## PLAINTIFFS' REPLY TO BOTH DEFENDANTS' OPPOSITION TO MOTION FOR INJUNCTIVE RELIEF

Plaintiffs by and through their attorneys, hereby submit the following as their Reply to the Opposition submitted by Defendant Honeywell and Defendant National Technology and Engineering Solutions of Sandia, LLC (NTESS). Plaintiffs are filing an Amended Complaint as a matter of course by the end of this week.

The arguments in opposition are addressed below.

### 1. INJUNCTION VIOLATES THEIR CONTRACT

One of the arguments Defendants make is that they cannot be enjoined as Plaintiffs are requesting because they will then be violating a contract they have with the federal government. This argument when taken to its logical conclusion reveals its lack of merit. For example, if Defendants had a term in their contract with the government such that they were required to insure their employees wore hazmat suits at all times even in their homes and in the bathroom so as to protect against contracting or spreading Covid-19, according to their argument the Court would be powerless to enjoin mandates to that effect by the Defendants. Being a party

to a contract in no way protects a party from responsibility for violating the rights of others.

## 2.  ALLEGED LACK OF EVIDENCE

Defendants claim that Plaintiffs have presented no evidence in support of their claims. This startling statement does not mention any particular subject for which evidence is lacking. Are they talking about evidence of harm to the Plaintiffs? Surely their imminent loss of employment and loss of security clearances is evidence of harm. Or is it evidence of Defendants' mandates to vaccinate? Surely, the memos sent to employees which were submitted as exhibits to the Complaint are evidence of that as well as evidence of imminent loss of employment. The fact that Defendants may have put the mandates on "pause" does not mean that they won't immediately resume the mandate, given the final court decision on the matter in their favor. Surely it is not a lack of evidence vaccines are only marginally effective and pose grave risks to the recipient or that vaccinated persons can transmit the virus. Significant citations to scientific studies have been provided.

It is black-letter law that claims need not and should not state all the facts which support a plaintiff's claim. The rules of procedure require succinct pleadings. FRCP Rule 8 states claims for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief".  Plaintiffs concede that since Plaintiffs are seeking preliminary injunctive relief sufficient facts need to be alleged to allow the Court to make a ruling. Plaintiffs have done that.

For this paucity of evidence argument, Defendants cite the case of *Watts v. Donley*,. 15-cv-00320-RM-KLM, at *11 (D. Colo. May 14, 2015) *Watts,* apart from being a district court case with no precedential value, does not support the Defendants' argument. The complaint was filed by a pro se plaintiff who alleged that the foreclosure of his home was a conspiracy by the

2

mortgage-holders, a law firm and public officials to deprive him of his property. He alleged that the state actor requirement for his 42 USC 1983 suit was that a "public trustee" was involved, one of the named defendants, but never mentioned what her involvement was or what she did or didn't do in relation to his claims. The Court said:

> While Plaintiff does allege that the Public Trustee is a state actor, there are no allegations as to what "acts" in which the Public Trustee engaged. (*See generally* ECF No. 1.) Plaintiff's allegation—that Defendants acted "with the aid of a public trustee"—is conclusory and amounts to nothing more than a formulaic recitation of subject matter jurisdiction's elements. Therefore, Plaintiff's allegation is insufficient to establish subject matter jurisdiction. *Watts* at p. 11.

———

Here, the acts alleged are absolutely clear regarding the mandating of COVID shot , in spite of the fact that the mandate has been "paused". It may be that the Defendants mean there is insufficient proof of the Defendants being state actors but that is not an issue of a failure to present any evidence, nor is that issue dispositive of the Motion for Preliminary Injunctive relief.

### 3. STATE ACTORS

There is something that needs mentioning and that is that in the not-so-distant past governments and private businesses operated more as distinct entities. For example, the idea of prisons being run by corporations would seem strange half a century ago. That the military would contract with corporations to run military operations would have been strange not so long ago as would the DOE hiring a company to run its top-secret weapons laboratory.

When constitutional rights were first articulated by the framers, it was the government which had all the potential power to violate citizens rights. Corporations, though existent, did not have anywhere near the position and power over people's lives they do today.  It was the government whom the framers feared could oppress the people. Today things are very different.

For example, it is corporations wielding powers in cyberspace, and not the federal government, who are responsible for a very serious attack on free speech in the U.S. today. While these facts are not necessary to find "state actor" status for the Defendants, they provide a meaningful backdrop for the inquiry.

Defendants claim that they are not "state actors". Using the language of *National Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179 (1988) cited in the Complaint, are the Defendants not "*willful participants in joint activity with the state*" when they have been "*delegated the authority*" by the State to operate a clinic to vaccinate employees on site in accordance with the Governor's push to vaccinate all New Mexicans? Are they not willful participants with the State when they have worked together with the State on Governor Grisham's contact tracing program (a part of which program involves Defendants collecting health information from employees and passing it to the State). Plaintiffs have alleged on information and belief that Defendants are receiving funding for this work and Defendants have not denied this. Plaintiffs are not privy to all the dealings the Defendants have with the State. If SNL is anything like its sister lab Los Alamos, it has a great deal more connection related to covid response than what has been alleged and which will be revealed in discovery.

Has not the State, in the language of *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001) cited in the Complaint "provide(d) significant encouragement, either overt or covert," for the Defendants' vaccine program? New Mexico's Governor's vaccination program is one of the most substantial in the nation now requiring not just double shots but also boosters for all state employees.

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001) the Court discussed different factors for determining whether conduct of a private actor was

state action, which included: "the state provides significant encouragement, either overt or covert .... when the private actor is a "willful participant" in joint activity with the state or its agents .... when the private actor has been delegated a public function by the state.... or when the government is "entwined" in the private actor's management or control."

("When a constitutional claim is asserted against private parties, to be classified as state actors under color of law they must be jointly engaged with state officials in the conduct allegedly violating the federal right") (internal quotations omitted); *Wittner v. Banner Health*, 720 F.3d 770, 776 (10th Cir. 2013).

If the State creates the legal framework governing the conduct, if it delegates its authority to the private actor, or sometimes if it knowingly accepts the benefits derived from unconstitutional behavior. Thus, in the usual case we ask whether the State provided a mantle of authority that enhanced the power of the harm causing individual. *National Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 192, 109 S.Ct. 454, 461-62, 102 L.Ed.2d 469 (1988) (citations omitted).

In *Garvin v. Corr. Corp. of America, Inc.*, No. 4:11CV02054, at *6 (N.D. Ohio Jan. 27, 2012) another case where the defendant was a contractor running a federal prison, the Court dismissed damage claims but not an injunctive relief claim.

> Plaintiff's claims under the Federal Tort Claims Act and his *Bivens* claims are dismissed with prejudice pursuant to 28 U.S.C. §1915(e). Plaintiff's negligence claims are dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

*Garvin v. Corr. Corp. of America, Inc.*, No. 4:11CV02054, at *6 (N.D. Ohio Jan. 27, 2012)

In *Williams v. Klien,* 20 F. Supp.3d 1171 (D. Colo. 2014) an inmate in a federal prison managed by a private contractor filed a claim against a supervisor of the prison for various

abusive acts which the supervisor had allowed or approved to be taken against him. Citing *Malesko* the Court held that: "The fact that Mr. Williams may not assert a Bivens claim for damages based on a violation of the First Amendment does not preclude him from seeking declaratory and injunctive relief."

### 4. DEFENDANT'S PAUSE ON THE MANDATE DOES NOT RENDER THIS CASE MOOT

In this ever-shifting world of coronavirus, the Supreme Court's decision in *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S.Ct. 63 (2020) is instructive on mootness due to changing mandates. In that case, the Supreme Court declined to find moot a challenge to a COVID-19 occupancy restriction, despite the fact that the Governor had partially lifted the restrictions for certain houses of worship, because the record showed that "[t]he Governor regularly changes the classification of particular areas without prior notice." *Id.* at 68. Likewise, the "pause" placed on the mandates now are just that. Defendants have informed their employees that as soon as the executive order mandating the vaccines is upheld, it will be immediately instituted. There will be no chance for a second round of briefing and motion practice. The plaintiffs will be terminated immediately.

Further, even though there is a nationwide injunction against the challenged EO, Sandia has stated that it is not bound by the nationwide injunctive relief. Therefore, this Court, in upholding the existing nationwide injunction, must make it clear to Defendants that they, too, are bound until and unless the highest court in the land states otherwise.

For the foregoing reasons, Plaintiffs respectfully urge this Court to grant their motion for injunctive relief.

Respectfully submitted,

*/S/ N. Ana Garner*
N. Ana Garner, NM Bar No. 921
Attorney for Plaintiffs
206 W. Main St.
Farmington, NM 87401
(505) 930-5170/(505)235-3302
Garnerlaw@yahoo.com

*/s/ Jonathan Diener*
Jonathan Diener
Attorney for Plaintiffs
P.O. Box 27, Mule Creek, NM 88051
(575) 535-2760
jonmdiener@gmail.com

*/s/ Warren V. Norred*
NORRED LAW, PLLC
Warren V. Norred, Texas Bar No. 24045094
(Pro Hac Vice admission pending)
Attorney for Plaintiffs
515 E. Border St., Arlington, Texas 76010
T (817) 704-3984, F (817) 524-6686
wnorred@norredlaw.com