IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SNL WORKFORCE FREEDOM
ALLIANCE, DAVID PETERSON, JON
BROOKS, ANNA BURNS, JOHN DOE
#1, JANE DOE #2, RICKY ALLEN
FERGUSON,

      Plaintiffs,

v.

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF
SANDIA LLC d/b/a SANDIA NAT'L
LABORATORIES, HONEYWELL
INTERNAT'L, INC.,

      Defendants.

Case No. 1:22-cv-00001- KWR-SCY

## NTESS RESPONSE TO MOTION TO PERMIT "DOE" PLAINTIFFS

Defendant National Technology and Engineering Solutions of Sandia LLC, (NTESS) responds in opposition to Plaintiffs' Motion to Permit Proceeding with Doe Plaintiffs. Rule 10 (a) and Rule 17(a) of the Federal Rules of Civil Procedure require the names of all parties to appear in a complaint absent exceptional circumstances which are not present here.

Plaintiffs submit that the Supreme Court has implicitly recognized Doe plaintiffs as valid and that his Court has discretion to allow Doe plaintiffs. As NTESS pointed out in its Motions to Dismiss, Plaintiffs have not plead sufficient facts to warrant allowing them to proceed anonymously. *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000); *Trujillo v. Cent. New Mexico Corr. Facility*, 2020 WL 7630676, at *4 (D.N.M. Dec. 22, 2020) (*citing Watson v.*

1

*Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984)) ("there is no provision in the Federal Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit").

In *Femedeer*, the appellee challenged the constitutionality of Utah's amended sex offender registration and notification system and filed under a pseudonym presumably to prevent disclosure of appellee's status as a sex offender. *Id.* at 1246. The Court stated, "the Federal Rules of Civil Procedure mandate that all pleadings contain the name of the parties, *see* Fed.R.Civ.P. 10(a), and Rule 17(a) specifically states that '[e]very action shall be prosecuted in the name of the real party in interest.' Fed.R.Civ.P. 17(a)." *Id.* The Court explained: "Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identify." *Id. (quoting Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1991)). The Circuit Court ordered appellee to file a sworn affidavit under seal disclosing his identity and directed that if he takes any further action in this litigation, the caption shall bear his correct name unless the court has first granted either a motion to seal the caption or to authorize the matter to proceed by way of a pseudonym. *Id*. at 1246-47, *see also Raiser v. Brigham Young University,* 127 F. App'x 409, 410 (10th Cir. 2005) (Tenth Circuit affirmed district court's denial of anonymity to the plaintiff explaining that the plaintiff "stated only that harmful and prejudicial information might be made public and might harm his reputation" but failed to demonstrate that his case was sufficiently "exceptional" or that his need for anonymity "outweigh[ed] the public's interest in knowing his identity." *Id.* at 411.

In *M.M. v. Zavaras*, the Tenth Circuit upheld the district court's denial of the plaintiff's Motion for Leave to Proceed in Pseudonym. 139 F.3d 798, 799 (10th Cir. 1998). The plaintiff, an indigent inmate confined in the Colorado Women's Correctional Facility filed a § 1983 civil rights class action alleging constitutional violations relating to the denial of funding for transportation and medical expenses for abortion services. *Id.* The plaintiff used the pseudonym "M.M." to file the complaint. *Id.* The Court stated the analysis begins "with the fundamental presupposition that it is the responsibility of Judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view…" *Id.* at 800. The Court determined that the district court acted within its discretion when it "weighed the plaintiff's claimed right to privacy against the countervailing public interest in determining that the motion to proceed under a fictitious name should be denied." *Id.* at 803. The Court was unpersuaded that the plaintiff's use of a pseudonym would prevent "humiliation, embarrassment and to possible intimidation and retaliation by staff members of the institution where she [was] detained," because the state agency and staff knew her identity. *Id.* Moreover, the court determined that the public interest outweighed the claimed right to privacy because "her claim to relief involves the use of public funds, and the public certainly has a valid interest in knowing how state revenues are spent." *Id.*

As explained by the Tenth Circuit in *Lindsey v. Dayton-Hudson Corporation* sanctioned use of pseudonyms is very limited*:*

> This use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed, it seems contrary to Fed.R.Civ.P. 10(a) which requires the names of all parties to appear in the complaint. Such use obviously may cause problems to defendants engaging in discovery and establishing their defenses, and in fixing res judicata effects of judgments. Yet the Supreme Court has given the practice implicit recognition in the abortion cases ... with minimal discussion. Most of the cases permitting the practice

3

have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children.

592 F.2d 1118, 1125 (10th Cir. 1979). The Court went on to state that existing authority on point recognized at least implicitly that:"[i]dentifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized." *Id.*

In *Coe v. U.S. District Court for the District of Colorado*, the Tenth Circuit upheld the federal District Court's dismissal of a complaint on the ground that the plaintiff could not proceed in a section 1983 action under a fictitious name. 676 F.2d 411, 412 (10th Cir. 1982). The court found that the district court had not abused its discretion when it refused leave to pursue his claims of constitutional deprivations without first disclosing his true identity. *Id.* at 413. The plaintiff sought injunctive and declaratory relief to restrain the Colorado State Board of Medical Examiners and the Colorado Attorney General from proceeding with a public hearing regarding allegations of professional misconduct, including allegations of sexual or immoral improprieties. *Id.* at 412. Under Rule 10(a) of the Federal Rules of Civil Procedure, which requires the names of all parties to appear in the complaint, the court held that a physician's interest in privacy did not outweigh the public's interest to know all the facts surrounding a formal proceeding into allegations of misconduct. *Id.* at 418.

In this action, Plaintiffs sole basis for seeking to sue as "Doe plaintiffs" is their assertion that "unvaccinated employees that work at SNL are working in an atmosphere of fear, discrimination, ostracization and irrationality…and run the risk of retaliatory consequences such as firing, segregation and others." Pls.' Mot. To Permit Proceeding with Doe Plaintiffs [Doc.

39], p. 2, ¶ 3. Clearly, those assertions could apply to every employment dispute and do not establish the requisite rare exceptional circumstances involving significant privacy interests and/or threat of physical harm, to warrant anonymity in these public proceedings. Therefore, Plaintiffs' Motion to Permit Proceeding with Doe Plaintiffs should be denied.

Respectfully submitted,

By  */s/ Cindy Lovato-Farmer*

Cindy Lovato-Farmer
National Technology & Engineering Solutions of Sandia, LLC,
d/b/a Sandia National Laboratories
1515 Eubank SE
Mail Stop 0141
Albuquerque, New Mexico 87123-0141
Tel: (505) 284-5284;  Fax: (505) 844-2363
cinlova@sandia.gov

and

Michael D. Weil (pro hac vice application pending)
Andrea Fellion (pro hac vice application pending)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
michael.weil@morganlewis.com

**Counsel for Defendant NTESS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17 day of February 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means:

N. Ana Garner
Attorney for Plaintiffs
206 W. Main St.
Farmington, NM 87401
(505) 930-5170/(505)235-3302
Garnerlaw@yahoo.com

Jonathan Diener
Attorney for Plaintiffs
P.O. Box 27
Mule Creek, NM 88051
(575) 535-2760
jonmdiener@gmail.com

Warren V. Norred
Attorney for Plaintiffs
515 E. Border St., Arlington, Texas 76010
T (817) 704-3984, F (817) 524-6686
wnorred@norredlaw.com

                                              */s/ Cindy Lovato-Farmer*
                                                Cindy Lovato-Farmer