IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SNL WORKFORCE FREEDOM ALLIANCE, DAVID PETERSON, JON BROOKS, ANNA BURNS, JOHN DOE #1, JANE DOE #2, RICKEY ALLEN FERGUSON<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL TECHNOLOGY AND ENGINEERING SOLUTIONS OF SANDIA LLC d/b/a SANDIA NAT'L LABORATORIES, HONEYWELL INTERNAT'L, INC.,<br><br>Defendants. | § § § § § § § § § § § § § § § § § §<br><br>Case No. 1:22-cv-00001-KWR-SCY |

**DEFENDANT HONEYWELL INTERNATIONAL INC.'S RESPONSE TO PLAINTIFFS' MOTION TO PERMIT PROCEEDING WITH DOE PLAINTIFFS**

Plaintiffs' conclusory and unsupported request to allow certain of the plaintiffs to proceed anonymously should be denied because they have failed to plead or prove the existence of any "exceptional circumstances" warranting such relief as required under applicable Tenth Circuit authority. The claims of the John and Jane Doe Plaintiffs should be dismissed as a result.[1]

It is well established that "there is no provision in the Federal Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit." *Trujillo v. Cent. New Mexico Corr. Facility*, 2020 WL 7630676, at *4 (D.N.M. Dec. 22, 2020) (citing *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984); *Coe v. U.S. Dist. Court for Dist. of Colo.*, 676 F.2d 411, 415 (10th Cir. 1982)). Instead, "Rule 10(a) requires that the title of a complaint 'name all the parties,'

---

[1] Defendant Honeywell International Inc. submits this response subject to and without waiving the arguments in its currently pending motion to dismiss Plaintiffs' claims against it under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

and Rule 17(a) prescribes that '[a]n action must be prosecuted in the name of the real party in interest.'" *Doe v. Atchison Hosp. Ass'n*, 2018 WL 324259, at *1 (D. Kan. Jan. 8, 2018). Accordingly, while there may be "exceptional circumstances" that warrant allowing a plaintiff to proceed anonymously, a "plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Because Plaintiffs have pointed to no such exceptional circumstances here, the Doe plaintiffs' claims should be dismissed.

In their two-sentence argument, Plaintiffs generally allege—without any factual support or evidence—that unvaccinated employees work in fear of "discrimination, ostracization, and irrationality" and that they run the risk of retaliation. Doc. No. 39 at ¶ 3. Plaintiffs likewise cite to no authority demonstrating that these bare-boned, conclusory allegations are sufficient to warrant certain of them proceeding anonymously while other plaintiffs proceed under their own names, and no such authority exists.

The cases Plaintiffs cite in their motion are either readily distinguishable or actually support the Court's denying their motion. For instance, in *Poe v. Ullman*, *Roe v. Wade*, and *Doe v. Bolton*, the anonymous plaintiffs sought to obtain contraceptives or abortions, which were illegal under state law. 367 U.S. 497, 498–500 (1961); 410 U.S. 113 (1973); 410 U.S. 179, 185–86 (1973). It is not difficult to see why the plaintiffs in those cases were permitted to proceed anonymously considering they faced the risk of prosecution under the state laws they were challenging as unconstitutional and the cases involved women's reproductive rights, which are unquestionably highly sensitive and personal in nature and presented a real danger of physical harm to the

plaintiffs. *Id.; see also United States v. Dillard,* 795 F.3d 1191, 1196 (10th Cir. 2015) (discussing a current abortion provider's receipt of a threatening letter that referenced the violent murder of her former colleague and mentor). Moreover, the anonymous plaintiffs in those cases "were merely a few of many potential plaintiffs who could have challenged the constitutionality of the defendants' statutes or practices" and "there were no significant issues in which the plaintiffs' personal credibility played an important rule." *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 140–42 (S.D. Ind. 1996). These cases therefore stand in stark contrast to the case here where Plaintiffs allege no general facts remotely approaching those at issue in *Ullman, Wade,* and *Bolton*; assert no specific facts particular to either John Doe or Jane Doe demonstrating any risk of physical harm, injury, or criminal prosecution; and the credibility and the sincerity of John and Jane Does' religious beliefs are squarely at issue.

The remaining cases Plaintiffs cite all involve courts denying requests to proceed anonymously. In *Doe v. Indiana Black Expo, Inc.*, the court denied the plaintiff—who alleged claims related to substance abuse, mental health, disability, and sexual harassment—from proceeding anonymously because "plaintiff's concerns [were] centered upon his economic well-being and possible embarrassment or humiliation," which are "concerns that could be raised by plaintiffs in many employment discrimination cases." 923 F. Supp. at 140–42 (S.D. Ind. 1996) Similarly, in *Lindsey v. Dayton-Hudson Corp.*, the Tenth Circuit held that the trial court "[does] not err in refusing to permit the action to be carried on under the John Doe pseudonym" because "identifying a plaintiff only by pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized," which the plaintiff did not have. 592 F.2d 1118, 1125 (10th Cir. 1979) (noting "[m]ost of the cases permitting [anonymous proceedings] have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate

children"). The Eleventh Circuit in *Doe v. Frank* also affirmed the trial court's decision to deny the plaintiff's request to proceed anonymously because, while revealing his identity would disclose his alcoholism and force the plaintiff to "face the disapproval of many in his community," the "stigma involved in Doe's disclosure does not rise to the level necessary to overcome the presumption of openness in judicial proceedings or the explicit requirements of Rule 10(a)." 951 F.2d 320, 324 (11th Cir. 1992) (holding). Consistent with the cases on which Plaintiffs rely, the Court should deny John and Jane Does' requests to proceed anonymously.

For the foregoing reasons, Honeywell respectfully asks the Court to deny Plaintiffs' motion to proceed anonymously and to dismiss the Doe plaintiffs' claims in their entirety.

| | |
|---|---|
| Dated: February 18, 2022 | */s/ Sara N. Sanchez* <br> Sara N. Sanchez <br> Mark T. Baker <br> Rebekah A. Gallegos <br> PEIFER, HANSON, MULLINS & BAKER, P.A. <br> Post Office Box 25245 <br> Albuquerque, NM 87125-5245 <br> Telephone: (505) 247-4800 <br> Fax: (505) 243-6458 <br> ssanchez@peiferlaw.com <br> mbaker@peiferlaw.com <br> rgallegos@peiferlaw.com <br> <br> and <br> <br> T. Cullen Wallace (pro hac vice application pending) <br> MORGAN, LEWIS & BOCKIUS LLP <br> 1000 Louisiana Street, Suite 4000 <br> Houston, TX 77002 <br> Telephone: (713) 890-5000 <br> Facsimile: (713) 890-5001 <br> cullen.wallace@morganlewis.com <br> <br> **Counsel for Defendant Honeywell International Inc.** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2022, I filed the foregoing pleading electronically through the CM/ECF system, which caused all counsel of record to be served electronically, as more fully reflected on the Notice of Electronic Filing.

PEIFER, HANSON, MULLINS & BAKER, P.A.

By: */s/ Sara N. Sanchez*
     Sara N. Sanchez