IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SNL WORKFORCE FREEDOM ALLIANCE, DAVID PETERSON, JON BROOKS, ANNA BURNS, JOHN DOE #1, JANE DOE #2, RICKEY ALLEN FERGUSON,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL TECHNOLOGY AND ENGINEERING SOLUTIONS OF SANDIA LLC d/b/a SANDIA NAT'L LABORATORIES, HONEYWELL INTERNAT'L, INC.,<br><br>Defendants. | Case No. 1:22-cv-00001-KWR-SCY |

**DEFENDANT HONEYWELL INTERNATIONAL INC.'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FEDERAL RULE 12(b)(2), AND IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)**

Over three months into this lawsuit, Plaintiffs now concede that they cannot plead a plausible claim for relief against Honeywell. They also now argue that the Court should exercise general personal jurisdiction over Honeywell based solely on three copy and pasted links to third-party websites. To cure these dispositive deficiencies, Plaintiffs propose that the Court allow them to conduct "six months" of costly and time-consuming discovery so that that they can "ascertain whether facts exist which could render Honeywell liable for the acts of its subsidiary, NTESS."

As required by the Federal Rules of Civil Procedure, however, Plaintiffs should have ascertained these facts prior to suing Honeywell in the first place—not three and a half months after the lawsuit was filed, three months after Judge Kaczsmaryk transferred this case to this Court and found that Plaintiffs "fail to plead any facts to support Honeywell is vicariously liable for NTESS's actions," and after recently amending their complaint to avoid responding to Honeywell's first motion to dismiss while not adding a single new fact related to Honeywell.

The Court should deny Plaintiffs' improvident request for discovery because, among other things, it is premised on a misstatement of applicable law and Plaintiffs have not carried their burden of establishing an entitlement to such discovery. The Court should then dismiss Plaintiffs' claims in their entirety under Rule 12(b)(2) for lack of jurisdiction because it is uncontroverted that Honeywell is incorporated in Delaware and based in North Carolina, did not and does not employ any of the Plaintiffs or exercise any control whatsoever over their employment, and was not and is not involved in recommending, implementing, or enforcing NTESS's COVID-19 policies, which are the only policies at issue in this case. Alternatively, the Court should dismiss Plaintiffs' claims under Rule 12(b)(6) because they have failed to plead any plausible claim for relief against Honeywell, despite having ample time to do so and recently amending their complaint.

**A.   Honeywell's Motions to Dismiss under Rule 12(b)(2) and Rule 12(b)(6) Should Not Be Converted to Summary Judgment Motions.**

Plaintiffs' argument that Honeywell's motions to dismiss under Rules 12(b)(2) and 12(b)(6) should be converted to a motion for summary judgment under Rule 56 is wrong and based on a misrepresentation of Rule 12(d). Rule 12(d) states: "If, on a motion under **Rule 12(b)(6) or 12(c)**, matters outside of the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d) (emphasis added).

By its own terms, Rule 12(d) does not apply to Honeywell's motion to dismiss under Rule 12(b)(2). It is entirely proper for a defendant to attach evidence outside of the pleadings to demonstrate that plaintiffs have—as here—failed to carry their burden of establishing personal jurisdiction. This is explained by the Court in *Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 940 (D.N.M. 2018): "When, however, a defendant presents credible evidence through

affidavits or other materials suggesting the absence of personal jurisdiction, the plaintiff must come forward with sufficient evidence to create a genuine dispute of material fact on the issue." (citing *Doe v. Nat'l Med. Serv's*, 974 F.2d 143, 146 (10th Cir. 1992)).  There is therefore no basis to convert Honeywell's motion to dismiss under Rule 12(b)(2) to a summary judgment motion.

There is also no basis to convert Honeywell's motion to dismiss under Rule 12(b)(6) to a summary judgment motion under Rule 56 because Honeywell did not cite to any matters outside of the pleadings in support of the motion.  Instead, Honeywell directed the Court to: (1) Plaintiffs' single-sentence allegation against Honeywell in their 66-page amended complaint that it is "vicariously liable" for the acts of NTESS; (2) the fact that Plaintiffs asserted zero facts to support either their "vicarious liability" allegation or any of their other claims against Honeywell; (3) that all of the communications, policies, procedures, and contractual documents attached to Plaintiffs' amended complaint pertained to NTESS and made no mention of or reference to Honeywell; and (4) that a prior district court judge has already found that Plaintiffs' vicarious liability allegation against Honeywell lacked any factual support.  *See* Doc. No. 41, pp. 12–14.

Though not raised by Plaintiffs, the fact that the 12(b)(2) motion and the 12(b)(6) motion were presented in the same pleading is also immaterial as Rule 12(b) expressly considers and even requires that all defenses under the rule be submitted prior to a responsive pleading and that no defenses are waived if joined with other defenses in a single responsive pleading.  *See* FED R. CIV. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed" and "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.").  Thus, "[w]hen a defendant files a motion on 12(b)(2) and 12(b)(6) grounds, the court may consider extra-pleading material when determining whether it has personal jurisdiction over defendants but exclude the same evidence

3

from consideration of whether the complaint states a claim, even when the two questions turn on the same issue." *Singlepoint Direct Solar LLC v. Curiel*, 2022 WL 331157, at *3 (D. Ariz. Feb. 3, 2022) (internal citations omitted). Because Honeywell cited to no outside evidence in support of its motion to dismiss under Rule 12(b)(6), there is no basis under Rule 12(d) to convert it to a motion for summary judgment under Rule 56.

For argument's sake, even if the Court were to convert Honeywell's Rule 12(b)(6) motion to a motion for summary judgment under Rule 56 as provided in Rule 12(d), Plaintiffs have failed to establish the right to conduct discovery under Rule 56(d). "In this circuit, a party seeking to defer a ruling on summary judgment under Rule 56(d) must provide an affidavit explaining why facts precluding summary judgment cannot be presented," which "includes identifying (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain those facts, and (4) how additional time will enable a party to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Car Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1097 (10th Cir. 2010).

Plaintiffs' counsel's conclusory and perfunctory affidavit does not satisfy, much less even address, any of the elements required to entitle Plaintiffs to conduct discovery under Rule 56(d). *See id*. (confirming denial of the defendants' request for discovery under Rule 56(d) because while the "affidavit lists various additional materials and information" the defendants seek, it "fails to identify what efforts the [defendants] had made already to obtain the information they sought, or why at least some of that information wasn't already available to them"). Thus, even if the Court were to convert Honeywell's motion to dismiss under Rule 12(b)(6) to one for summary judgment under Rule 56, Plaintiffs fail to prove an entitlement to discovery under Rule 56(d). For all of these reasons, Plaintiffs' request for discovery should be denied.

**B.      Because Plaintiffs Have Not and Cannot Establish Personal Jurisdiction Over Honeywell, Their Claims Should be Dismissed Under Rule 12(b)(2).**

Plaintiffs neither expressly state whether the Court should exercise specific or general personal jurisdiction over Honeywell nor set forth any meaningful factual allegations or legal arguments demonstrating that the Court's exercise of jurisdiction is proper. Plaintiffs instead cite to three third-party websites based on their "cursory search on the internet" and claim that "[w]hat this information is provided for is to show that this Court can exercise personal jurisdiction over Honeywell, just based on its activities doing business in New Mexico." Doc. No. 49, p.5. In other words, Plaintiffs appear to argue that the Court should exercise general jurisdiction over Honeywell based on its business activities in the state. Plaintiffs' argument is meritless.

It is axiomatic that general jurisdiction only exists over a non-resident defendant when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Absent exceptional circumstances, "[t]he paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014) (internal citation omitted). Further, an analysis of general jurisdiction "calls for an appraisal of a corporation's activities in their entirety" and a "corporation that operates in many places can scarcely be deemed at home in all of them." *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler*, 134 S. Ct. at FN 20).

Here, the three third-party websites to which Plaintiffs copy and pasted links—which, if anything, show that Honeywell has a relatively limited presence in New Mexico and that NTESS is only one of "2,082 companies in the Honeywell International Inc. corporate family"—are insufficient to demonstrate that Honeywell has the required continuous and systemic contacts with New Mexico to render it at home in the state for purposes of the exercise of general jurisdiction.

5

*See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (holding that the exercise of general jurisdiction over the defendant railroad company, which did business across the country but had 2,000 miles of track and employed over 2,000 employees in the forum state, was improper because it was not incorporated in the forum state and did not maintain its principal place of business there). This, coupled with the fact that Honeywell's principal place of business is in North Carolina and it is incorporated in Delaware, decidedly demonstrate that the Court's exercise of general personal jurisdiction over Honeywell would violate its Due Process rights. *See id*.

Further, Plaintiffs do not allege that the Court should exercise specific jurisdiction over Honeywell, nor could they, because they admit that they were employed by NTESS and all of their claims relate to the lawfulness of NTESS's COVID-19 policies. *See* Doc. No. 37 at ¶¶ 45–9; Doc's No. 37-1–37-3. For the avoidance of any doubt, however, Honeywell has also submitted ample evidence demonstrating that it would be improper to impute NTESS's contacts with New Mexico to Honeywell under any proposed theory of vicarious liability. *See In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prod. Liab. Litig.*, 288 F. Supp. 3d 1087, 1214 (D.N.M. 2017) ("To impute a subsidiary's contacts onto a parent, the subsidiary must be the parent's general agent or alter ego.").

As Honeywell has demonstrated, NTESS is a separate corporate entity from Honeywell that: maintains its own separate bank accounts, accounting systems, and payroll systems; has its own corporate records, including Articles of Organization, bylaws, meeting minutes, tax returns, accounting records, bank statements, and human resources files; employs and pays its own workforce, including Plaintiffs; drafts and implements its own policies, manuals, and handbooks; and employs its own directors and officers and management teams, as well as its own marketing, accounting administrative, project management, and human resources personnel. *See* Doc. No.

6

41, Exhibit A at ¶¶ 5–6, 8–10.  Consistent with this arms-length relationship between Honeywell and NTESS, Honeywell had no involvement at all in the preparation, implementation, application, or enforcement of NTESS's subject COVID-19 policies.[1]  *Id.* at ¶ 9.

Given the above facts, the Court's exercise of either specific or general jurisdiction over Honeywell in this case, under a theory of vicarious liability or otherwise, would violate Honeywell's Due Process rights.  Thus, the Court should dismiss Plaintiffs' claims against Honeywell in their entirety with prejudice for lack of personal jurisdiction pursuant to Rule 12(b)(2).

C. **Alternatively, Because Plaintiffs Have Not Pleaded a Plausible Claim for Relief Against Honeywell, Their Claims Should be Dismissed Under Rule 12(b)(6).**

To avoid dismissal of their claims under Rule 12(b)(6), Plaintiffs must do more than assert one single conclusory allegation against Honeywell in their 66-page amended complaint and then attempt to fill in the substantial blanks in their pleading by conducting six months of costly and burdensome written discovery and depositions.  "As the Supreme Court made clear in *Twombly* . . . Rule 12(b)(6) does not allow a plaintiff to file a complaint devoid of supporting facts as a vehicle to commence discovery on the off chance some facts might exist which could support a plausible claim."  *Roth v. Wilder*, 420 Fed. App'x 804, 806 (10th Cir. 2011) (affirming dismissal

---

[1] Plaintiffs have not requested jurisdictional discovery to respond to Honeywell's Rule 12(b)(2) motion.  If they had, it would also be appropriate to deny this request.  "The party seeking jurisdictional discovery bears the burden that they are entitled to that discovery." *Hernandez*, 347 F. Supp. 3d at 966.  Where there is a "very low probability" that discovery will change the outcome of the jurisdictional analysis, the court should exercise its discretion to deny jurisdictional discovery.  *See id.* at 967.  In light of the evidence Honeywell has submitted conclusively showing that it does not exercise any control over its subsidiary NTESS—including with respect to the formulation, implementation, and enforcement of NTESS's subject COVID-19 policies—there is a "very low probability" that Plaintiffs' requested discovery will change the fact that this Court does not have personal jurisdiction over Honeywell.  *See id.* (denying jurisdictional discovery because "[e]ven if the two [defendant] companies are related as parent/subsidiary, the underlying evidence that [the plaintiff] presents does not suggest that [the parent] controls [the subsidiary] and there is therefore a 'very low probability' that [the plaintiff] can establish the requisite contacts even with discovery").  Thus, any future request for jurisdictional discovery should be denied.

7

of the plaintiff's complaint under Rule 12(b)(6)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007)).

Thus, despite recently amending their complaint, Plaintiffs have added no facts in support of their vicarious liability allegation against Honeywell and are in the exact same position they were in over three months ago when Judge Kaczsmaryk found: "Not only do Plaintiffs only mention Honeywell and 'vicarious liability' once in their complaint, they fail to plead any facts to support Honeywell is vicariously liable for NTESS's actions." In their response brief, Plaintiffs also do not refute the fact that their current allegations are insufficient to satisfy the notice pleading requirements of Rule 8. Accordingly, consistent with Judge Kaczsmaryk's finding, there is essentially no dispute that Plaintiffs have failed to plead any plausible claim for relief against Honeywell, and Plaintiffs' claims against Honeywell must be dismissed under Rule 12(b)(6) as a result.

## IV.    CONCLUSION

For the foregoing reasons, Honeywell respectfully asks the Court to deny Plaintiffs' request to conduct discovery and to instead dismiss Plaintiffs' claims with prejudice under either Rule 12(b)(2) for lack of personal jurisdiction or Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated:     March 15, 2022            */s/ Sara N. Sanchez*
                                      Sara N. Sanchez
                                      Rebekah A. Gallegos
                                      Peifer, Hanson, Mullins & Baker, P.A.
                                      Post Office Box 25245
                                      Albuquerque, NM 87125-5245
                                      Telephone: (505) 247-4800
                                      Fax: (505) 243-6458
                                      ssanchez@peiferlaw.com
                                      rgallegos@peiferlaw.com

        T. Cullen Wallace
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
cullen.wallace@morganlewis.com

***Counsel for Defendant Honeywell International Inc.***

## CERTIFICATE OF SERVICE

    I hereby certify that on March 15, 2022, I filed the foregoing pleading electronically through the CM/ECF system, which caused all counsel of record to be served electronically, as more fully reflected on the Notice of Electronic Filing.

                      */s/ Sara N. Sanchez*
                      Sara N. Sanchez