IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SNL WORKFORCE FREEDOM ALLIANCE, *et al.*,

    Plaintiffs,

  v.                                                                                                    No. 1:22-cv-00001-KWR-SCY

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF SANDIA, LLC,
*doing business as Sandia National Laboratories,
et al.,*

    Defendants.

## ORDER DENYING REQUEST FOR PRELIMINARY INJUNCTION

**THIS MATTER** is before the Court upon Plaintiffs' Motion for Temporary Restraining Order **(Doc. 2)**. The Court denied Plaintiffs' request for an *ex parte* temporary restraining order and instead ordered briefing. **Doc. 13.** The motion for temporary restraining order was effectively converted to one for preliminary injunction. *Id.* Having reviewed the parties' pleadings and the applicable law, the Court finds that the motion is **NOT WELL TAKEN**. Therefore, Plaintiffs' motion is **DENIED.**

Plaintiffs are or were employees of Defendant National Technology and Engineering Solutions of Sandia, LLC ("NTESS), a federal contractor which manages Sandia National Laboratory. **Doc. 24 at 1.** At one point, Defendants issued a vaccine mandate, in compliance with President Biden's Executive Order 14042. Executive Order 14042 directed federal contractors to comply with the directives of the Safer Federal Workforce Task Force. **Doc. 24-1 at ¶¶ 7-9**. The task force required that all covered contractor employees be fully vaccinated unless they were legally entitled to an accommodation. **Doc. 24, Ex. 1, ¶ 8.** The mandate was subject to medical and religious exemptions.

However, a federal district court enjoined the enforcement of the federal contractor vaccine mandate nationwide. *See Georgia v. Biden*, No. 1:21-CV-163, 2021 WL 5779939 (S.D. Ga. Dec. 7, 2021) (order granting motion for preliminary injunction). The Eleventh Circuit denied a motion to stay the preliminary injunction, and Defendants dropped their vaccine mandate. **Doc. 24-1 at ¶ 19.** In their motion Plaintiffs only seek an order enjoining the vaccine mandate, and do not seek an injunction for testing or mask mandates. **Doc. 2 at 2.**[1] Because Defendants currently do not have a vaccine mandate, the Court finds that Plaintiffs have failed to show they will suffer irreparable harm without an injunction. Therefore, the Court denies Plaintiffs' request for preliminary injunctive relief.

## LEGAL STANDARD

The purpose of preliminary injunctive relief is to "preserve the relative positions of the parties" until a hearing or trial on the merits can be held. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "In issuing a preliminary injunction, a court is primarily attempting to preserve the power to render a meaningful decision on the merits." *Keirnan v. Utah Transit Auth.*, 339 F.3d 1217, 1220 (10th Cir. 2003) (quotation marks and citation omitted). "A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019). "[B]ecause a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne,* 698 F.3d 1295, 1301 (10th Cir.2012) (citations omitted).

---

[1] Plaintiffs filed an amended complaint (Doc. 37) which apparently seeks to enjoin (1) mandatory COVID testing and (2) mask mandates. The motion does not address the testing or mask mandate, and Plaintiffs did not file an amended motion. Therefore, the Court declines to consider whether preliminary injunctive relief is appropriate for the testing or masking mandates.

To obtain a preliminary injunction or temporary restraining order, Plaintiff must show: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; *and* (4) that the injunction, if issued, will not adversely affect the public interest." *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)).

## DISCUSSION

The Court finds that Plaintiffs' motion for preliminary injunction is not well taken, in part because they failed to establish a significant risk of irreparable harm. To obtain a preliminary injunction, a movant "must establish ... that [they are] likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). "[C]ourts have consistently noted that because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements will be considered. Demonstrating irreparable harm is not an easy burden to fulfill." *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (internal citations and quotation marks omitted).

"[P]laintiff satisfies the irreparable harm requirement by demonstrating a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (internal quotation omitted). Harm must not be speculative, rather Plaintiffs bear the burden of showing a significant risk of harm. *Id.* That harm "must be both certain and great," not "merely serious or substantial."

*Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001), *quoted in State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 884 (10th Cir. 2021).

It is unclear what claims Plaintiffs are asserting.  *See* **Doc. 1** (complaint)**; Doc. 37** (amended complaint).  It appears they assert that the vaccine mandate (1) violates their constitutional right to bodily integrity and (2) their rights under the Americans with Disabilities Act.  They seek both injunctive and declaratory relief.

**I.** **Plaintiffs failed to establish irreparable harm because the federal contractor vaccine mandate is already enjoined, and Defendants are no longer enforcing a vaccine mandate.**

Plaintiffs seek to enjoin a vaccine mandate which is already subject to a nationwide injunction.  As a private government contractor, Defendant NTESS asserts it was required to comply with President Biden's Executive Order 14042 (the "Executive Order").  Pursuant to this Executive Order, a task force required federal contractors to ensure that all employees who do not have a religious or medical exemption be fully vaccinated against COVID-19. In order to comply with the Executive Order, NTESS implemented a vaccine mandate, eventually with a deadline of January 18, 2022.  On December 7, 2021, a federal district court in Georgia entered a nationwide injunction temporarily suspending the Executive Order and Defendant NTESS, in turn, announced that it has paused its vaccine requirement on January 5, 2022. *Georgia v. Biden*, No. 1:21-CV-163, 2021 WL 5779939 (S.D. Ga. Dec. 7, 2021) (order granting motion for preliminary injunction); **Doc. 24-1 at ¶ 19** (noting that Defendants had paused vaccine mandate as a result of nationwide injunction). Although the government appealed the *Georgia v. Biden* decision, the Eleventh Circuit denied the government's motion to stay the preliminary injunction. *Georgia v. Biden*, No. 21-14269 (11th Cir. Dec. 17, 2021).

A preliminary injunction is an extraordinary remedy, and the Court may not grant such relief where the alleged irreparable harm is uncertain or speculative. *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019); *State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 884 (10th Cir. 2021).  Because the *Georgia v. Biden* nationwide injunction enjoins nationwide vaccine mandates based on Executive Order 14042, and Defendants have paused their vaccine mandate, Plaintiffs have failed to show a significant, certain risk of irreparable harm.  Defendants have acknowledged the injunction and have paused their vaccine mandate.  Therefore, there is currently no active vaccine mandate for the Court to enjoin.  The Court finds that under these circumstances Plaintiffs have not demonstrated a significant risk of irreparable harm.

Other courts have concluded under similar circumstances that there is not a significant risk of irreparable harm, and the Court agrees with their analysis. *Feds for Med. Freedom v. Biden*, No. 3:21-CV-356, 2022 WL 188329, at *1 (S.D. Tex. Jan. 21, 2022) ("Because [the Federal Contractor Executive Order] has been enjoined nationwide, this court declines to grant any further preliminary relief."), *vacated and remanded on other grounds*, 30 F.4th 503 (5th Cir. 2022); *de Cristo Cano v. Biden,* No. 22-CV-193-CAB-AHG, 2022 WL 1004558, at *1 (S.D. Cal. Apr. 4, 2022) (denying temporary restraining order and noting there was a lack of irreparable harm where the federal contractor vaccine mandate was already enjoined by *Georgia v. Biden*), *citing  Church v. Biden*, –––– F.Supp. 3d ––––, No. CV 21-2815 (CKK), 2021 WL 5179215, at *1 (D.D.C. Nov. 8, 2021) (plaintiffs "come before this Court complaining of a compulsory inoculation they may never need to take, and of adverse employment actions they may never experience. This uncertainty weighs decisively against the ripeness of Plaintiffs' claims and the irreparability of their purported injuries." ); *Conner v. Biden*, No. 6:21-CV-074-H, 2021 WL 6773174, at *6 (N.D.

Tex. Dec. 28, 2021) (finding that nationwide injunction applies, potential lack of standing due to nationwide injunction, and staying case).

Moreover, courts have found no irreparable harm where there is uncertainty about whether a vaccine mandate would apply, such as with a pending exemption request. *Rodden v. Fauci*, No. 3:21-CV-317, 2021 WL 5545234, at *2 (S.D. Tex. Nov. 27, 2021) ("[I]t is too speculative to say that the plaintiffs who have claimed an exemption [from the Employee Mandate] are in imminent danger of irreparable harm."); *Wade v. Univ. of Conn. Bd. Of Trs.*, 2021 WL 3616035, at *7 (D. Conn. Aug. 16, 2021) (denying motion for injunctive relief as moot because the university's COVID-19 vaccination requirement no longer applied to the plaintiffs). Here, several Plaintiffs had religious exemptions pending before the nationwide injunction went into effect. At least one Plaintiff received a religious exemption. **Doc. 37 at 5, 6.** While these religious exemptions are pending, it is uncertain whether there would be irreparable harm.

Plaintiffs suggest that there is a risk of irreparable harm, because a vaccine mandate *may* be instituted in the future. The Court finds that this type of speculation or conjecture does not demonstrate irreparable harm in this case. *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). Defendant NTESS ceased its vaccine mandate following the nationwide injunction. Therefore, the Court finds that Plaintiffs have failed to show irreparable harm warranting a preliminary injunction.

    II.    <u>**Plaintiffs failed to show reinstatement is appropriate as preliminary injunctive relief.**</u>

Some Plaintiffs appear to allege they were terminated from their employment positions, and they seek reinstatement. In a reply brief, Plaintiffs assert that two individual Plaintiffs were fired for refusing to tell Defendants their vaccine status. Plaintiffs appear to assert that this violated their ADA rights. **Doc. 32 at 2.** There is no evidence cited in the motion (doc. 2) or reply brief (doc. 32) which gives the detail of their alleged firing. As explained below, Plaintiffs failed to show reinstatement is appropriate as preliminary injunctive relief.

Courts disfavor preliminary injunctions that "exhibit any of three characteristics: (1) it mandates action (rather than prohibiting it), (2) it changes the status quo, or (3) it grants all the relief that the moving party could expect from a trial win." *Mrs. Fields Franchising, LLC*, 941 F.3d at 1232. If a motion for preliminary injunction exhibits one of these three characteristics, the plaintiff faces "a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors." *Id.* Here, an injunction directing Defendants to reinstate certain individual Plaintiffs to their employment positions would clearly be a disfavored mandatory injunction or one which changes the status quo.

Plaintiffs' termination, and the harms which flow from it, do not constitute irreparable harm as they can generally be "fully compensa[ted] by monetary damages." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 579 (6th Cir. 2002). Furthermore, loss of employment is not considered to be an irreparable harm. *See, e.g., Aluminum Workers Int'l. Union, AFL-CIO, Loc. Union No. 215 v. Consol. Aluminum Corp.*, 696 F.2d 437, 443 (6th Cir. 1982). "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005).

Plaintiffs cursorily assert that Defendants violated their constitutional right to bodily integrity. **Doc. 2 at 16**.[2] "When an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012) (finding irreparable injury after plaintiff made a strong showing that he was likely to prevail on his Establishment Clause case).

Here, Plaintiffs are not entitled to a presumption of irreparable harm because they failed to make a strong showing that their bodily integrity constitutional claim is likely to succeed. *See, e.g., Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (no presumption of irreparable harm where court found First Amendment claim unlikely to succeed). In their motion (Doc. 2) and reply brief (Doc. 32), Plaintiffs cursorily addressed their bodily integrity constitutional claim. Plaintiffs did not analyze their constitutional claim or show that this claim is likely to succeed. Moreover, Plaintiffs have failed to present any evidence regarding the alleged firings, and therefore have failed to satisfy their burden under either a normal or heightened preliminary injunction standard. Plaintiffs Brooks and Peterson merely allege they were fired for not disclosing their vaccine status without further elaboration.[3] **Doc. 32 at 1-2.** Therefore, the Court finds that Plaintiffs have made an inadequate showing that their constitutional claims are likely to succeed, and they are not entitled to a presumption of irreparable harm.

---

[2] Although the motion briefly mentions a religious freedom claim, Plaintiffs did not assert a religious freedom claim in their complaint. **Doc. 1 at 58-59; Doc. 37 at 64-65.** Because Plaintiffs' complaint does not comply with Rule 8, it is unclear what claims Plaintiffs assert. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain: ...(2) a short and plain statement of the claim showing that the pleader is entitled to relief…").

[3] The Court notes that the *Georgia v. Biden* decision also enjoined the portion of the mandate requiring disclosure of vaccination status. *See Conner v. Biden*, No. 6:21-CV-074-H, 2021 WL 6773174, at *6 (N.D. Tex. Dec. 28, 2021). It is unclear from the record when the Plaintiffs were allegedly fired for refusing to disclose their vaccine status.

## CONCLUSION

Plaintiffs have failed to demonstrate a significant risk of irreparable harm in the absence of preliminary injunctive relief. Therefore, the Plaintiffs' request for preliminary injunctive relief is **DENIED.**

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Temporary Restraining Order (**Doc. 2**) is **DENIED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**